**[J-84-2021] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| DR. AHLAM KHALIL, | : | No. 24 EAP 2021 |
| | : | |
| Appellant | : | Appeal from the Judgment of |
| | : | Superior Court entered on January |
| | : | 5, 2021 at No. 2549 EDA 2019, |
| v. | : | affirming in part, reversing in part |
| | : | and remanding the Order entered on |
| | : | July 12, 2019 in the Court of |
| GERALD J. WILLIAMS ESQUIRE; BETH | : | Common Pleas, Philadelphia |
| COLE ESQUIRE; WILLIAMS CUKER | : | County, Civil Division at No. 0825 |
| BEREZOFSKY, LLC, | : | May Term, 2013. |
| | : | |
| Appellees | : | ARGUED:  December 8, 2021 |

## CONCURRING OPINION

**JUSTICE MUNDY**                                                    **DECIDED:  July 20, 2022**

I join the result reached by the majority.  With that said, I am also aligned with Justice Wecht's view that the rule announced in *Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick*, 587 A.2d 1346 (Pa. 1991), should be disapproved, and that the present dispute offers a convenient vehicle to do so.  While discouraging litigation based on a mere desire to obtain more money the second time around has some appeal, as Justice Wecht notes the jurisdictions which have rejected a *Muhammad*-type rule have not been overburdened by those types of lawsuits.  More fundamentally, there does not seem to be any reason injured clients should be barred from recovery if they can prove negligence, damages, and proximate causation, as in any other tort case.